UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE W. HARTMAN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Case No. 04-72540
    Honorable Patrick J. Duggan

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on September 15, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiff Bruce W. Hartman applied for Social Security Disability Insurance Benefits on April 16, 2001, alleging disability since April 30, 2000, due to mental, emotional, and visual problems. The Social Security Administration denied Plaintiff benefits. A de novo hearing was held on September 18, 2002, before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ determined that Plaintiff was not entitled to disability benefits because he could perform a significant number of limited medium-level and less demanding jobs identified by a vocational expert. (Tr. at 19-26). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*See* Tr. at 4-6).

On July 12, 2004, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g).  On October 12, 2004, Plaintiff filed his Motion for Summary Judgment and on November 2, 2004, Defendant the Commissioner of Social Security filed its Motion for Summary Judgment.  This Court had previously referred all non-dispositive motions and the issuance of a report and recommendation to Magistrate Judge Wallace Capel, Jr. in an Order dated July 12, 2004.

On July 13, 2005, Magistrate Judge Capel filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.  At the conclusion of the R&R, Magistrate Judge Capel advises the parties that they may object and seek review of the R&R within ten days of service upon them.  The R&R also advised the parties "that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals." *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1]  Neither party filed objections to the R&R.

The Court, however, has carefully reviewed the R&R and concurs with Magistrate Judge Capel's conclusion that Defendant's motion for summary judgment should be

---

[1] In *United States v. Walters*, the Sixth Circuit held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal.  638 F.2d 957, 949-50 (6th Cir. 1981).  The Supreme Court affirmed the Districts' power to impose such an administrative rule in *Thomas v. Arn*, 474 U.S. 140, 105 S. Ct. 466 (1985).  *See also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Magistrate Judge Capel notified the parties that failure to file objections would constitute a waiver of their right to appeal; nevertheless, Petitioner failed to file any objections to the R&R.  Therefore, Petitioner has waived his right to appeal.

granted and that Plaintiff's motion for summary judgment should be denied.

Therefore,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED.**


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Joseph E. Houle, Esq.
Peter A. Caplan, AUSA
Magistrate Judge Wallace Capel, Jr.

3